[No. 13215.    Department Two. — July 10, 1891.]

## J. B. BELLEGARDE, Respondent, *v.* SAN FRANCISCO BRIDGE COMPANY, Appellant.

Negligence — Prosecution of Lawful Work — Injury to Property by Street Contractor. — In an action for damages alleged to have been caused to plaintiff's property by the negligence of the defendant in prosecuting street-work under a contract with the city, where the defendant denies the allegations of negligence, and claims that the operations resulting in the injury were justifiable and unavoidable in the prosecution of a lawful work, and the jury finds in favor of the plaintiff, upon the ground that the defendant was negligent, the judgment will not be reversed, if there is evidence tending to support the verdict, and there are no errors of law in the instructions of the court.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial, and an appeal from a second order denying a new trial.

The facts are stated in the opinion.

*O'Brien, Morrison & Daingerfield,* for Appellant.

*J. D. Sullivan, Henry McCrea,* and *Hepburn Wilkins,* for Respondent.

FÓOTE, C. — This is an action for " willfully, recklessly, and without care or caution dashing huge car-loads of rock and earth, weighing many tons, around and against" certain piles supporting the plaintiff's house, whereby these supports of the house were forced from their position, and that structure was pitched into the water, which surrounded it, the result being, as claimed, the damages for which the suit is brought.

The answer denies these allegations, and claims that what was done by the defendant was justifiable in prosecuting certain street-work under its contract with the city and county of San Francisco; that the injury resulted, not from carelessness or negligence, but from the dumping of rock and earth into the mud and water across a part of the waters of the bay of San Francisco, in order to construct a street of said city called Railroad Avenue; and that this dumping of rock and earth onto the soft bottom of the bay, where the mud lay very deep, had the natural and inevitable effect to force out the mud from the sides of this avenue as it was being constructed of the rock and earth, so as to impinge upon the piles supporting the plaintiff's house, and without fault of the defendant, but as the unavoidable result of the prosecution of a lawful work, caused the damage to the plaintiff.

It is evident that, according to the instructions of the court, the jury, under the facts, could not have found for the plaintiff except upon the idea that the defendant was negligent in prosecuting a lawful work.

The defendant seems to be of the opinion that unless the appellate court shall declare that there is no evidence in the record to support this apparent view of the matter by the jury, or unless some different statement of the law than that laid down by the trial court shall be enunciated here, it would be useless and undesirable for it to have a reversal of the judgment and order.

In its opening brief it is announced that " we prefer

an affirmance to a reversal involving a heavier verdict." They ask this court "to say, in its opinion deciding this cause, that Mr. Bellegarde has proved no case against appell nt, or, at least, to lay down very unmistakably the law regarding the liability of street contractors. We prefer an affirmance, rather than to be handed over to the tender mercies of another anti-corporation jury, without the protection of some such intimation from this court."

We cannot say that the jury had no evidence on which to base their verdict, nor do we perceive any error in the law as laid down by the trial court and given to the jury. It was as favorable as the defendant could ask.

There is no necessity to enter into an abstract disquisition as to any further principles of law applicable to street contractors, in some instances perhaps, but inapplicable to the case in hand, and therefore we recommend that the judgment and orders be affirmed.

FITZGERALD, C., and VANCLIFF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and orders are affirmed.